**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PIREN TECHNOLOGY CORPORATION** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **MAD ENERGY LIMITED PARTNERSHIP f/k/a MAKE A DIFFERENCE VENTURES II, LIMITED PARTNERSHIP** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendant.*** | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Piren Technology Corporation ("Piren"), by and through undersigned counsel, sues Defendant MAD Energy Limited Partnership f/k/a Make a Difference Ventures II Limited Partnership ("MAD") and alleges that:

## I. NATURE OF CASE

1. This is a simple case in which MAD signed a contract with Piren that currently requires MAD to pay $8,000,000 to Piren and, upon meeting further milestones, requires MAD to pay an additional $10,000,000 to Piren. Piren met its milestones to date and, through its purported termination without cause, MAD has unequivocally indicated it will not make the agreed upon payment of $8,000,000 or any future payments.

2. Thus, MAD has breached the contract and owes Piren $8,000,000 immediately.

3. There is no excuse or defense to MAD's non-payment.

4. Piren has met all its contractual obligations under the contract and has fully performed its obligations thereunder for the time period set forth therein.

5. All conditions precedent to this action have been met, waived, or excused.

## II. PARTIES

6. Piren is a duly formed corporation in good standing under the laws of Delaware and having its principal and physical place of business in Collin County, Texas.

7. MAD is a limited partnership under the laws of Delaware and having its principal and physical place of business in the State of Idaho. MAD may be served with process through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over the subject matter of this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Delaware and Texas. Defendant is a limited partnership whose general partner is a limited liability company, whose members, upon information and belief are citizens of Idaho. Upon information and belief, none of Defendants' limited partners are citizens of Texas or Delaware.

9. Forum is proper in The United States Federal Court Northern District of Texas based upon the Agreement by the parties, which states in section 10.5 in relevant part:

> Any action, suit or other proceeding arising under or relating to this Agreement …shall be brought in a court of competent jurisdiction in the State of Texas, and the parties hereby consent to the sole and exclusive jurisdiction of the state and federal courts sitting in Dallas County, Texas.

*See* Agreement Section 10.5, a true and correct copy of the Agreement is attached to this Complaint as Exhibit A and incorporated fully herein for all purposes.

10. Venue is proper in this judicial district based on the Agreement between the parties.

11. Venue is also proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim that occurred, or a substantial part of property that is the subject of this action is situated, to wit: the payment owed by Defendant to Plaintiff and the venue

provision of the Agreement.

12. Defendant is subject to jurisdiction of this Court pursuant to the Agreement and because the parties negotiated, corresponded, and entered into the Agreement in Texas. Additionally, all acts relating to the contract took place in Dallas County, Texas.

## IV. General Allegations

13. Piren has developed and continues to develop and iterate certain technology known as "TEL Technology."

14. MAD and Piren entered into the Agreement on or about May 27, 2022, whereby MAD would pay Piren $25,000,000 ("Contracted for Amount") in exchange for various benefits including, without limitation, a license to use TEL Technology for MAD's own benefit pursuant to the First Amended and Restated TEL Technology License Agreement ("Agreement").

15. MAD had previously made payments of $200,000 and $4,800,000 prior to the execution of the Agreement with such amounts to be credited against the Contracted for Amount.

16. In connection with its obligations, Piren developed a detailed concept design of TEL Technology.

17. Currently, Piren has developed and continues to develop the TEL architecture and engaged key software developers and personnel on its team.

***Payment Terms***

18. The Agreement separated the total Contracted for Amount into three payments based on development and date milestones ("Licensor Development Milestones").

19. The first payment of $2,000,000 of the total Contracted for Amount was due and made by MAD to Piren after Piren met the first Licensor Development Milestone.

20. Piren then met its second Licensor Development Milestone as required on or before four months from the date of execution of the Agreement.

21. As a result, the second payment of $8,000,000 of the total Contracted for Amount under the Agreement became due and payable on or before September 27, 2022.

***Notice of Termination***

22. Nevertheless, MAD served a purported 60-day notice of termination without cause that was based on Section 9.2.1 of the Agreement, on or about September 26, 2022.

23. The notice stated that the termination purported to be effective as of November 26, 2022.

24. The notice also stated that no further payments or services would be forthcoming from MAD to Piren after September 26, 2022. However, pursuant to the Agreement, all payments required under the Agreement are due and owing.[1]

25. To date, Defendant has failed or refused to make the second payment of $8,000,000 of the total Contracted for Amount under the Agreement.

26. As a result, Defendant has only paid a total of $7,000,000 of the total Contracted for Amount with an additional amount of $8,000,000 now due and owing.

27. At all relevant times, Piren has met all obligations and milestones pursuant to the Agreements.

## V. CAUSE OF ACTION

### BREACH OF CONTRACT

28. Plaintiff hereby incorporates Paragraphs 1 – 27 fully herein.

---

[1] Despite Defendant's unilateral attempt to terminate without cause, MAD's obligation to pay the remaining $10,000,000 will still accrue after Piren meets the date and development milestones, pursuant to Section 4 of the Agreement, which expressly survives termination of the Agreement pursuant to Section 9.4 thereof.

As a result, Piren reserves all rights to seek leave to amend its complaint upon meeting the date and development milestones to seek all amounts unpaid on the $10,000,000 owed for the third and last milestone.

29. This is a cause of action for breach of contract.

30. The parties entered into the Agreement.

31. As noted above, Defendant materially breached the Agreement by failing to timely pay all amounts due and owing to Piren.

32. By Defendant's notice of termination, Defendant has unequivocally stated that they will not meet their obligations under the Agreement to make any further payments.

33. Defendant's breach has caused actual damages in terms of the loss of the contracted for monies.

34. Attorney Fees. Plaintiff has retained the undersigned counsel and is entitled to recover its reasonable and necessary attorney's fees and costs incurred in pursuit of its claims under TEX. CIV. PRAC. & REM. CODE §§ 38.001 *et seq.*

## VI. CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VII. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## VIII. PRAYER

WHEREFORE, Plaintiff, Piren Technology Corporation, respectfully demands judgment against Defendant, as follows:

a. Award Plaintiff all actual, special, general, nominal, compensatory, consequential damages, as described herein;

b. Award Plaintiff recovery of its reasonable and necessary attorney's fees;

c. Award Plaintiff the costs of this action;

d. Award Plaintiff pre- and post-judgment interest; and,

e. Award Plaintiff such other relief as this Court deems appropriate under the circumstances.

Dated: October 6, 2022

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

*/s/Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
Justin D. Hanna
Texas Bar No. 24095726
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
jhanna@condontobin.com

and

**CORE X LEGAL, P.A.**

BRENT A. GORDON, Esq.
(*Pro Hac Vice* Application Forthcoming)
Florida Bar #: 11902
CURTIS SMOLAR, Esq.
(*Pro Hac Vice* Application Forthcoming)
California Bar #: 194700
BRENT C. J. BRITTON, Esq.
(*Pro Hac Vice* Application Forthcoming)
Florida Bar #: 12940

400 North Tampa St., Suite 2840
Tampa, Florida 33602
Telephone: (813) 452-2000
bg@corexlegal.com
curtis@corexlegal.com
bcjb@corexlegal.com

***Attorneys for Plaintiff Piren Technology Corporation***