**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PIREN TECHNOLOGY CORPORATION** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-CV-02256-D** |
| | § | |
| **MAD ENERGY LIMITED PARTNERSHIP f/k/a MAKE A DIFFERENCE VENTURES II, LIMITED PARTNERSHIP** | § § § § | |
| ***Defendant.*** | | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT**

Plaintiff, Piren Technology Corporation ("Piren"), by and through undersigned counsel, hereby files this Motion for Extension of Time to amend its complaint and, in support thereof, would show the Court the following:

**INTRODUCTION**

The Court instructed Piren to amend its Complaint to allege diversity of citizenship in conformity with 28 U.S.C. § 1332 by November 14, 2022 (the "Order").[1] Piren's Complaint relied on extensive research and public filings. However, the identities of certain members/ partners in MAD Energy Limited Partnership's ("MAD LP") complex ownership chain are not public. Piren requested MAD LP supply this non-public information, but has not received a response.

As only MAD LP has this information, Piren requests the Court extend the deadline for Piren to file an amended complaint to provide the parties time to confer regarding MAD LP's non-public citizenship information and, if necessary, permit Piren to request leave of Court to conduct

[1] The order required Piren to file an amended complaint within 14 days from the date of the order, November 11, 2022, which is a federal holiday. Further, Dkt. 5.

limited jurisdictional discovery.

**RELEVANT BACKGROUND**

On October 6, 2022, Piren filed suit against MAD LP based upon diversity of citizenship.[2] Piren's Complaint explained that MAD LP is a Delaware limited partnership with its principal place of business in Idaho.[3] Piren further alleged that MAD LP's general partner is MAD Energy GP, LLC ("MAD GP") an Idaho limited liability company, "whose members, upon information and belief, are citizens of Idaho."[4] Piren's Complaint further explained that "[u]pon information none of MAD LP's limited partners are citizens of Texas or Delaware."[5]

Through exhaustive diligence, Piren believes it has ascertained much of the corporate ownership structure of MAD LP. Specifically, Piren's counsel has reviewed documents relating to the agreement at issue in this case, relevant company records available online through the Delaware and Idaho secretaries of state, documentation that MAD LP filed with the SEC, and public records searches through the Westlaw database.[6] Based on these efforts, Piren believes it has ascertained the complete ownership chain of MAD LP's general partner: MAD GP.

According to the Idaho Secretary of State's business database, MAD LP is a Delaware limited partnership with a principal place of business located in Idaho and governed by MAD GP.[7] MAD GP is managed by its member George R. Wentz Jr.[8] George R. Wentz Jr. is a citizen of Idaho.[9]

The limited partners of MAD LP are not apparently publicly available. MAD LP is an

---

[2] Dkt. 1.
[3] Id., ¶ 7.
[4] Id., ¶ 8.
[5] Id.
[6] *See* Ex. A, Declaration of Justin D. Hanna.
[7] *See* Ex. A-1; Ex. A-5.
[8] *See* Ex. A-1; Ex. A-6. While other entities are identified in the SEC Offering from 2021, the amendment filed by MAD GP on August 1, 2022, indicates Mr. Wentz may now be the sole member of MAD GP.
[9] *See* Ex. A-7.

investment vehicle, which offers limited partnership interests to potential investors in exchange for capital contributions.[10] MAD LP made an offering through crowdfunding website Infrashares, seeking investments from retail, accredited, and institutional investors.[11] However, despite its diligent efforts, Piren cannot find information identitying the limited partners.[12]

As a result of Piren's investigation, Piren's lead counsel, Brent Gordon, contacted MAD LP's counsel raising the need for MAD LP to provide the information pertaining to its limited partners to Piren.[13] MAD LP has not appeared in this suit or responded to Piren's request for information.[14]

## ARGUMENTS & AUTHORITIES

The citizenship of a limited partnership is determined by the citizenship of all of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96. Likewise, the citizenship of a limited liability company is determined by the citizenship of all of its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

"Since there is 'no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'" *Unified 2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, No. 3:11-CV-0861-D, 2011 WL 2650199, at *1 (N.D. Tex. Jul. 6, 2011) (Fitzwater, J.) (quoting *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (internal quotes and citations omitted)). Thus, "a court has authority to resolve factual disputes, and may devise a method to . . . make[e] a determination as to jurisdiction, which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting

[10] *See* Ex. A-2; *see also* Ex. A-3
[11] *See* Ex. A-3; Ex. A-4.
[12] *See* Ex. A, ¶¶ 12-13.
[13] *See* Ex. A-8; *see also* Ex. A, ¶ 14.
[14] *See* Ex. A, ¶ 15.

an evidentiary hearing." *Id.* (internal quotations and citations omitted).

In *Unified 2020 Realty Partners, L.P.*, this Court considered the circumstances where jurisdictional discovery has been granted and denied. *See id.*, at *2. The apparent distinguishing factor is whether the party bearing the burden of establishing diversity jurisdiction has access to information sufficient to allege the basis for diversity jurisdiction. *See id.* (comparing cases). Thus, the Court permitted limited jurisdictional discovery where it "appear[ed] beyond cavil that [the plaintiff] possesse[d] the information that [the removing defendant sought] and that this information [would] bear directly on whether the court ha[d] subject matter jurisdiction." *Id.*

In the context of establishing diversity jurisdiction, the missing information for which jurisdictional discovery is granted typically consists of the other party's non-public information concerning the entities, partners, and members that comprise the other party. *See id.*; *see also Chesapeake Louisiana, LP v. Creamer Prop. Mgmt., LLC*, No. 09-CV-0370, 2009 WL 653796, at *1 (W.D. La. Mar. 11, 2009).

Although it is not authoritative, *Chesapeake Louisiana, LP* is instructive. After finding that the plaintiff had not properly alleged the citizenship of the defendant LLC, the trial court provided plaintiff an extension of 45 days after defendant's appearance in the case to gather the requisite citizenship information and file an amended complaint. *See Chesapeake Louisiana, LP*, 2009 WL 653796, at *1. In doing so, the trial court noted:

> The LLC has not appeared as yet, and it is likely that Chesapeake will not have access to the membership information through public records or other readily available sources. **The membership information is ordinarily furnished voluntarily by parties in similar situations**. In the event the LLC does not furnish the information voluntarily, Chesapeake is granted leave of court to conduct discovery regarding the citizenship issue, commencing with the appearance of the LLC defendant in this case.

*Id.* (emphasis added).

Judicial efficiency is ordinarily served by requiring allegations demonstrating complete diversity early in the case. *See Elliott v. Tilton*, 62 F.3d 725, 729 (5th Cir. 1995). However, Piren "is entitled to know the identity of [MAD LP's] general and limited partners so that it can comply with the pleading requirements imposed by the case law by court order." *Unified 2020 Realty Partners, L.P.*, 2011 WL 2650199 at *2 n.2. Piren cannot obtain this information to which it is entitled due to its non-public nature.

Piren has diligently and exhaustively searched for information regarding the citizenship of MAD LP's limited partners, whom may be a broad class of investors comprised of a mix of individual retail investors and institutional investors,[15] which would require an additional layer of investigation and analysis. Upon learning of the nature of MAD LP's structure and non-public nature of the identities of the limited partners, Piren's counsel requested MAD LP voluntarily provide such information.[16] However, MAD LP has neither responded to Piren's request, nor has it appeared in this lawsuit.[17]

Accordingly, Piren requests an extension of at least 45 days from the date of MAD LP's appearance in this matter to ascertain the non-public citizenship information of MAD LP's limited partners and any additional members of MAD GP, including, if necessary, seeking leave to conduct limited jurisdictional discovery, and filing an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332.

## CONCLUSION

WHEREFORE, Plaintiff, Piren Technology Corporation, respectfully requests that the Court extend the deadline for Piren to file an amended complaint for a period of at least 45 days

---

[15] *See* Ex. A-4, p. 158 (identifying different types of investors).
[16] Ex. A-8.
[17] Ex. A, ¶ 15.

from the date the Defendant MAD Energy, Limited Partnership appears, so that Piren may obtain the non-public information identifying Defendant's limited partners and Defendant's general partner's members, either voluntarily from Defendant or through limited jurisdictional discovery.

Dated: November 11, 2022

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

*/s/Justin D. Hanna*
Aaron Z. Tobin
Texas Bar No. 24028045
Justin D. Hanna
Texas Bar No. 24095726
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
jhanna@condontobin.com

and
**CORE X LEGAL, P.A.**

BRENT A. GORDON, Esq.
(*Pro Hac Vice* Application Forthcoming)
Florida Bar #: 11902
CURTIS SMOLAR, Esq.
(*Pro Hac Vice* Application Forthcoming)
California Bar #: 194700
BRENT C. J. BRITTON, Esq.
(*Pro Hac Vice* Application Forthcoming)
Florida Bar #: 12940

400 North Tampa St., Suite 2840
Tampa, Florida 33602
Telephone: (813) 452-2000
bg@corexlegal.com
curtis@corexlegal.com
bcjb@corexlegal.com

***Attorneys for Plaintiff Piren Technology Corporation***